UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GEORGE K. MACK, ) | |
| ) | CASE NO.: 3:16CV154 |
| Petitioner, ) | |
| ) | JUDGE ZACK ZOUHARY |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| LASHANN EPPINGER, Warden, ) | REPORT AND RECOMMENDATION |
| ) | OF MAGISTRATE JUDGE |
| Respondent. ) | |

On January 15, 2016, Petitioner George K. Mack ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] ECF Dkt. #1. Respondent Lashann Eppinger ("Respondent"), Warden of Grafton Correctional Institution, filed a motion to dismiss on April 19, 2016. ECF Dkt. #8. Petitioner filed a response to Respondent's motion to dismiss on June 8, 2016. ECF Dkt. #11. Respondent did not file a reply.

For the following reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #8) and DISMISS Petitioner's habeas petition (ECF Dkt. #1) with prejudice.

**I.     PROCEDURAL HISTORY**

On August 5, 2011, a Defiance County Grand Jury issued an indictment charging Petitioner with two counts of importuning, in violation of Ohio Revised Code ("O.R.C.") §

---

[1]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

1

2907.07(B), and one count of attempted unlawful sexual conduct with a minor, in violation of O.R.C. § 2923.02/2907.04(A). ECF Dkt. #8-1 at 5. Petitioner, through counsel, pleaded not guilty to the charges contained in the indictment. *Id*. at 8. On November 8, 2011, the trial court amended count one of the indictment, deleting a reference to a prior conviction. *Id*. at 10. That same day, Petitioner retracted his plea of not guilty and entered a plea of no contest to one count of importuning, as amended in count one, and one count of attempted unlawful sexual conduct with a minor, as charged in count three. *Id*. at 11. On January 23, 2012, Petitioner was sentenced to four years of community control. *Id*. at 16. A term of fifty-nine months of incarceration was imposed in the event Petitioner violated the terms of his community control. *Id*.

On March 8, 2012, the state filed a motion for revocation of community control after Petitioner violated several terms and conditions of his community control. ECF Dkt. #8-1 at 22-24. On April 16, 2012, Petitioner admitted to the violations, and the trial court revoked Petitioner's community control and imposed the reserved prison term of fifty-nine months. *Id*. at 27-28. Petitioner filed a motion for judicial release on November 1, 2012. *Id*. at 30. On December 12, 2012, the trial court suspended Petitioner's prison sentence and imposed a four-year term of community control. *Id*. at 31.

The state filed a second motion to revoke Petitioner's community control on August 13, 2013 after Petitioner again violated the terms and conditions of his community control. ECF Dkt. #8-1 at 39-40. On December 9, 2013, the trial court found that Petitioner violated his community control and revoked Petitioner's community control, also reinstating the remaining balance of Petitioner's fifty-nine month prison sentence. *Id*. at 45.

Petitioner, acting *pro se*, filed a timely notice of appeal of the trial court's decision to reinstate his prison sentence in the Third District Court of Appeals on December 9, 2013. ECF Dkt. #8-1 at 50. On December 23, 2013, Petitioner, through counsel, filed an amended notice of appeal. *Id*. at 54. On March 25, 2014, counsel for Petitioner moved to withdraw, finding no meritorious issues for appeal. *Id*. at 65. Petitioner then timely filed a *pro se* appeal and brief in support of his appeal in the Third District Court of Appeals on May 8, 2014, raising the following assignments of error:

1. Appellant received ineffective assistance of counsel and [sic] violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution in Article I, § 10 of the Constitution of the State of Ohio.

2. Appellant's freedom of religion and violation of his rights under the First Amendment to the United States Constitution in Article I, §10 of the Constitution of the State of Ohio. [sic]

ECF Dkt. #8-1 at 76. On June 19, 2014, the Third District Court of Appeals overruled Petitioner's assignments of error and dismissed the appeal. *Id*. at 89. Petitioner did not appeal this decision to the Supreme Court of Ohio.

On March 19, 2014, Petitioner also filed a notice of appeal and motion for leave to file a delayed appeal of his original January 23, 2012 judgment entry. ECF Dkt. #8-1 at 90, 92. Petitioner filed a second motion for delayed appeal on April 17, 2014. *Id*. at 97. On April 24, 2014, the Third District Court of Appeals denied Petitioner's motion. The court found that the Petitioner's motion "[did] not set forth sufficient reason for his failure to timely file a notice of appeal." *Id*. at 102. Along with his notice of appeal, Petitioner filed a motion to vacate judgment of conviction in the trial court, which was denied on July 15, 2014. *Id*. at 104, 108-

3

110. Petitioner failed to timely file an appeal, instead filing an untimely notice of appeal and motion for delayed appeal in the Supreme Court of Ohio on June 22, 2015. *Id*. at 195, 198. On July 22, 2015, the Supreme Court of Ohio denied Petitioner's appeal and dismissed the case. *Id*. at 242.

On August 29, 2014, Petitioner, acting *pro se*, filed an application to reopen his direct appeal in the Third District Court of Appeals. ECF Dkt. #8-1 at 111. Petitioner alleged his appellate counsel "compromised the appeal" by failing to raise the following assignment of error in his appellate brief:

> 1. The trial court erred in imposing court costs without informing a defendant in court, but Crim.R. 43(A) states that a criminal defendant must be present at every stage of his trial, including sentencing.

*Id*. at 114. On September 15, 2014, the Third District Court of Appeals denied Petitioner's application to reopen direct appeal. *Id*. at 185-186.

On February 4, 2016, Petitioner, through counsel, filed a motion for judicial release, which the trial court denied. ECF Dkt. #8-1 at 243, 259. Petitioner also filed a motion to vacate judgment. *Id*. at 260. The trial court construed Petitioner's motion to vacate judgment as a post-conviction petition and denied the motion on February 10, 2016 as untimely and barred by *res judicata*. *Id*. at 275. Petitioner then filed a timely appeal, which was pending as of the date Petitioner filed his response to Respondent's motion to dismiss. *Id*. at 277.

**II.    28 U.S.C. § 2254**

4

On January 15, 2016, Petitioner filed the instant petition for a writ of federal habeas corpus. ECF Dkt. #1. In his habeas corpus petition, Petitioner asserts the following grounds for relief:

> GROUND ONE: The trial court denied Petitioner equal protection under the law, the right not to be held in double jeopardy, and due process of the United States Constitution, Amendments V and XIV.
>
> Supporting Facts: Trial court did not hold an allied offense hearing when petitioner's offenses of importuning and attempted unlawful sexual conduct with a minor. All happened at the same time necessiating concurrent rather consecutive sentences under O.R.C. 2941.25(A).
>
> GROUND TWO: Petitioner was denied effective assistance of trial counsel under the United States Constitution Amendments VI for multiple failures of counsel to defend Petitioner.
>
> Supporting Facts: Petitioner counsel was deficient in failing to call defense witness that Petitioner provided to counsel. Petitioner's counsel failed to investigate potential witness's over the alleged victim age. But defense counsel seemed more interested in the prosecution plea deal than with defense of the petitioner. Petitioner's defense counsel was also deficient in standing mute while no allied offense hearing was conducted.
>
> GROUND THREE: Petitioner was denied effective assistance of trial counsel under the United States Constitution, Amendment VI for failure to defend Petitioner.
>
> Supporting Facts: Petitioner counsel was deficient in failing to file a motion to suppress evidence when petitioner expressed to counsel that his Miranda Rights were violated by the law enforcement continuing to ask question when petitioner requested counsel. Petitioner defense counsel was deficient when he failed to file an appeal after petitioner requested and failed to file the motion to suppress evidence.
>
> GROUND FOUR: The trial court denied equal protection under the law, the right not to be held in double jeopardy and due process of law under the United States Constitution, Amendments V and XIV.
>
> Supporting Facts: The trial court failed to make the statutory findings required by O.R.C. 2929.14(c) prior to imposing consecutive sentences and

5

>   accordingly petitioner's sentence is contrary to law (ab initio) and must be
>   vacated. [sic]

ECF Dkt. #1. Respondent filed a motion to dismiss on April 19, 2016. ECF Dkt. #8. Petitioner filed a response to Respondent's motion to dismiss on June 8, 2016. ECF Dkt. #11. Respondent did not file a reply.

### III. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

#### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year limitations period for filing a petition for a writ of federal habeas corpus, which begins to run on the date judgment became final. 28 U.S.C. § 2244(d)(1). 28 U.S.C. § 2244(d) provides, in part:

>   (1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>     (B)  the date on which the impediment to filing created by State action in violation of the Constitution or laws of the United

>           States is removed, if the applicant was prevented from filing
>           by such State action;
>
> (C)    the date on which the constitutional right asserted was
>        initially recognized by the Supreme Court, if the right has
>        been newly recognized by the Supreme Court and made
>        retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual precedent of the claim or claims
>        presented could have been exercised through the exercise of
>        diligence.

### B.     Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly represents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2)

7

relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

**C.    Procedural Default**

8

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991). Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of a prisoner's federal claims. *Coleman*, 501 U.S. at 729-30; *Richey v. Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d

9

310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 321 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d at 313-14. Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review claims:

that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchell*, 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

**IV.     STANDARD OF REVIEW**

10

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the AEDPA's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under § 2254, a state prisoner is entitled to relief is he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

11

529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2011).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A. Decisions of lower federal courts may not be considered.

B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C. The state court decision may be overturned only if:

1. it '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal]; or

2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case; or

4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

12

  D.  Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

  E.  Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey*, 271 F.3d at 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, not to mixed questions of law and fact. *Levine*, 986 F.2d at 1514. The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast &*

13

*Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**V.    ANALYSIS**

    **A.    Statute of Limitations**

Respondent denies the claims contained in Petitioner's petition for a writ of habeas corpus and argues that the petition is time-barred by the AEDPA statute of limitations. ECF Dkt. #8 at 7. Respondent asserts that Petitioner failed to file a timely appeal in the Third District Court of Appeals following his January 23, 2012 conviction in the Defiance County Court of Common Pleas. *Id.* at 8. Respondent contends that the decision became final on February 23, 2012, and that Petitioner failed to file an appeal within the AEDPA one-year period, which expired on February 23, 2012. *Id.*

According to Respondent, statutory tolling cannot render Petitioner's petition timely because the AEDPA limitations period may only be tolled during "the pendency of a 'properly filed' application for state post-conviction relief or other collateral relief with respect to pertinent judgment or claims under §2244(d)(2)." ECF Dkt. #8 at 8 (citing *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000)). According to Respondent, each of Petitioner's post-conviction filings came after the AEDPA limitations period had expired. Therefore, Respondent argues, Petitioner's applications for post-conviction relief were not "properly filed," and, accordingly, the statutory provision does not save Petitioner's petition for a writ of habeas corpus from being time-barred. *Id.* at 9. Respondent also asserts that Petitioner is unable to establish entitlement to equitable tolling. *Id.* Respondent avers that Petitioner fails to establish the fact that any extraordinary circumstances

stood in the way of his ability to file a timely petition. *Id*. at 10. Petitioner, Respondent continues, also fails to carry his burden of showing actual innocence because Petitioner provided no new evidence that would demonstrate a lack of confidence in the outcome such that "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Id*. at 12 (citing *McCray v. Vasbinder*, 499 F.3d 568, 572 (6th Cir. 2007)).

Petitioner first argues ignorance of the AEDPA limitations period. ECF #11 at 2. Petitioner then raises several reasons why the statutory period should be tolled. Petitioner avers that he was "at different facility and time [sic], and on community control at different times," as well as "seeking advice from the Office of Ohio Public Defender office [sic]." *Id*. at 3. Petitioner also claims to have a learning disability. *Id*.

Petitioner's arguments fail. A state court judgment becomes final "as of the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 565 U.S. 134, 146 (2012). As per the Ohio Rules of Appellate Procedure, a party who wishes to appeal from an order in trial court has thirty days to seek review before the order becomes final. Ohio App. R. 4(A)(1). In the instant case, Petitioner was sentenced on January 23, 2012. ECF Dkt. #8-1 at 16. Accordingly, the AEDPA limitation period, absent statutory or equitable tolling, expired on February 23, 2013. *See* Ohio App. R. 4(A)(1). Petitioner did not file his direct appeal until March 19, 2014, over a year after the limitations period expired. *See* ECF Dkt. #8-1 at 90. Therefore, unless Petitioner is entitled to statutory or equitable tolling, he has missed the AEDPA deadline and is time-barred from filing his petition.

Petitioner is not entitled to statutory tolling. The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(D)(2). As mentioned above, Petitioner did not file a direct appeal until March 19, 2014, which was after the limitation period expired. ECF Dkt. #8-1 at 90. Meanwhile, Petitioner's post-conviction filings pertaining to his violation of community control fail to retroactively toll the limitation period. *See Gordon v. Turner*, No. 5:13cv251, 2015 WL 3969689, at *27 (N.D. Ohio June 30, 2015) ("[the] statutory tolling provision does not revive the limitations period, it can only serve to pause a clock that has not yet expired"). Accordingly, Petitioner is not entitled to statutory tolling.

Even though Petitioner missed the window to statutorily toll the AEDPA limitations period, he may still potentially have a viable habeas corpus petition under the doctrine of equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (holding that "a petitioner who misses the deadline may still maintain a viable habeas corpus action if the court decides that equitable tolling is appropriate"). Equitable tolling is available when a petitioner can demonstrate that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Henson v. Warden, London Corr. Inst.*, 620 F. App'x 417, 420 (6th Cir. 2015). In the instant case, Petitioner fails to carry his burden of showing that he is entitled to equitable tolling. Having taken no action for over two years following final judgment in state court, Petitioner has provided no proof that he acted diligently in pursuing his rights. Neither Petitioner's ignorance of the statutory period nor his *pro se* status constitute justification for equitable tolling. *See, e.g., Johnson v. United States*, 544 U.S. 295, 308 (2005).

16

Further, Petitioner fails to adequately argue actual innocence as a means for entitlement to equitable tolling. For a petitioner to support his claim of actual innocence, he must present "new reliable evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). While trustworthy eyewitnesses would constitute reliable evidence, and Petitioner asserts that the "testimony of an eyewitness . . . about the age of the victim" (ECF Dkt. #11 at 4) would prove his innocence, Petitioner fails to carry his burden in showing how the evidence would prove that no reasonable juror would find him guilty if the eyewitness's testimony were to be presented at trial. While Petitioner names the eyewitness, he fails to explain his relationship to the eyewitness, the relationship of the eyewitness to the events of the case, or how the eyewitness's testimony would sway a jury in his favor if presented at trial. *See* ECF Dkt. #11 at 4. Petitioner offers excuses for "[having] a hard time getting the eyewitness to make a statement," such as community control and incarceration. *Id*. Petitioner is not excused from his burden and ultimately fails to show sufficient evidence to prove actual innocence. Thus, Petitioner is not entitled to equitable tolling.

Petitioner has failed to show that the AEDPA one-year limitation period for filing was tolled. Accordingly, Petitioner's petition for a writ of habeas corpus is time-barred.

### B. Procedural Default

Alternatively, Respondent argues that all grounds for relief asserted by Petitioner are procedurally defaulted. ECF Dkt. #8 at 13. Respondent contends that Petitioner failed to fairly present all of his constitutional claims by means of direct or delayed appeal to the Third District Court of Appeals and the Supreme Court of Ohio. *Id*. According to Respondent, Petitioner failed to timely present his habeas grounds to the Third District Court of Appeals in an appeal

17

from the judgment of the trial court. *Id*. at 16. Instead, Respondent explains, Petitioner missed the thirty-day period to file an appeal after the trial court entered judgment, and his motion for delayed appeal was denied. *See* ECF Dkt. #8-1 at 102. Finally, Respondent avers that Petitioner also failed to show both cause and prejudice for the alleged procedural default. ECF Dkt. #8 at 17. Respondent argues that Petitioner's claims are without merit and that Petitioner fails to show actual innocence. *Id*. at 18-19.

In his response to Respondent's motion to dismiss, Petitioner argues that his trial counsel was ineffective and advised him "that were was no reason to appeal" after the trial court entered judgment on January 23, 2012. ECF Dkt. #11 at 3. Petitioner claims that but for the ineffective assistance of counsel, he would have exhausted all state remedies. *Id*.

There is no dispute that Petitioner procedurally defaulted on his claims by failing to present the claims on appeal to the Third District Court of Appeals and the Supreme Court of Ohio. Petitioner himself admits to not having fairly presented his claims, though he provides the excuse of ineffective counsel for this failure. ECF Dkt. #11 at 3. As a result, the first three prongs of the analysis the Sixth Circuit established under *Maupin* have been satisfied. *See Maupin*, 785 F.2d at 138  The fourth prong of the analysis presents exceptions to the procedural default rule available to the petitioner. *Id*. Here, Petitioner may be exempt from procedural default if he can demonstrate one of the following: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the habeas claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751.

Petitioner fails to show cause and actual prejudice for procedurally defaulting on his habeas claims. "Cause" is a legitimate excuse for the default. *Magby v. Wawrzaszek*, 741 F.2d

18

240, 244 (9th Cir. 1984). Petitioner argues as cause that his trial attorney performed deficiently and to his prejudice by advising him that there was no reason to directly appeal the trial court's judgment. Petitioner's excuse does not rise to the level of cause for exemption from procedural default. *See Stojetz v. Ishee*, 389 F. Supp. 2d 858, 888 (S.D. Ohio 2005) ("It is therefore well settled that ineffective assistance of postconviction counsel cannot be asserted as cause to excuse a procedural default") (citing *Coleman*, 501 U.S.).

Petitioner also fails to show actual prejudice under the cause-and-prejudice analysis. "Any review of an ineffective assistance claim will likely include some sort of determination that the substantive claims underlying the ineffective assistance claim lack merit." *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008). The underlying claims Petitioner proposes lack merit because even if he were to have appealed, Petitioner presents no demonstration that there is a "reasonable probability" that the outcome would be any different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003); *see also Allen v. Morgan*, No. 01:11CV00813, 2012 WL 6568110, at *10 (N.D. Ohio July 6, 2012) ("There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial"). In fact, Petitioner fails to present any claim that the outcome of an appeal would be different. Therefore, Petitioner's ineffective assistance of counsel claim fails because the claim is procedurally defaulted and Petitioner has failed to show that there is a reasonable probability that the outcome of his case would be different but for the ineffective assistance of counsel.

Finally, as discussed above, Petitioner offers evidence in an attempt to prove his actual innocence. The evidence he offers in the form of an eyewitness is unconvincing for the reasons

19

stated above, and Petitioner fails to defeat Respondent's motion to dismiss by offering such evidence.

## VI. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #8), and DISMISS Petitioner's habeas petition (ECF Dkt. #1) in its entirety with prejudice because Petitioner's petition is both time-barred and, alternatively and in conjunction, all of Petitioner's claims have been procedurally defaulted.

DATE: July 5, 2016                       /s/  *George J. Limbert*
                                         GEORGE J. LIMBERT
                                         UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).