IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| George K. Mack, | Case No. 3:16 CV 154 |
| Petitioner, | ORDER DISMISSING PETITION |
| -vs- | JUDGE JACK ZOUHARY |
| LaShann Eppinger, Warden, | |
| Respondent. | |

## INTRODUCTION

George Mack, a state prisoner, filed a *pro se* Petition for Writ of Habeas Corpus (Doc. 1) asserting four grounds for relief. Respondent moved to dismiss the Petition as untimely and procedurally defaulted (Doc. 8). Mack opposed the Motion (Doc. 11). This case was referred to Magistrate Judge Limbert, whose Report and Recommendation ("R&R") recommends this Court grant the Motion to Dismiss (Doc. 12). Mack timely objected to the R&R (Doc. 15). This Court has reviewed *de novo* those portions of the R&R challenged in the Objection. *See* 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981).

## BACKGROUND

As Mack does not meaningfully object to the procedural history and facts set forth in the R&R (Doc. 12 at 1–6), this Court incorporates them by reference and briefly sets forth the timeline of his state appeals.

In November 2011, Mack pled no contest to one count of importuning and one count of attempted unlawful sexual conduct with a minor (Doc. 8-1 at 10). In January 2012, he was sentenced to four years of community control, with a reserved fifty-nine month prison term in the event he

violated the terms of his community control (*id.* at 16). Mack's community control was revoked in April 2012, and he was remanded to the custody of the Ohio Department of Rehabilitation and Corrections (*id.* at 27–28). Mack moved for judicial release in November 2012, and the state court suspended his prison sentence and placed him on community control for four years (*id.* at 30, 34–35).

Mack's community control was revoked again in December 2013, with the remaining balance of his fifty-nine month prison sentence reinstated (*id.* at 45). Mack, acting *pro se*, timely appealed (*id.* at 50). Mack filed an amended notice of appeal through counsel, but his counsel later moved to withdraw, asserting that he found no meritorious issues for appeal (*id.* at 70–71). Mack, once again proceeding *pro se*, raised the following two assignments of error (*id.* at 76):

1. Appellant received ineffective assistance of counsel and violation of his rights under the Sixth and 14th Amendments to the United States Constitution in Article I, § 10 of the Constitution of the State of Ohio, and

2. Appellant [sic] freedom of religion and violation of his rights under the First Amendments to the United States Constitution in Article I, § 10 of the Constitution of the State of Ohio.

In June 2014, the court of appeals overruled Mack's assignments of error and dismissed the appeal (*id.* at 86–89). Mack did not appeal this decision to the Supreme Court of Ohio.

From 2014 through 2016, Mack filed a host of post-conviction motions in both the trial court and the court of appeals, all of which were ultimately denied or dismissed on procedural grounds (*id.* at 90, 92, 102, 104, 108–10, 185–86, 195, 198, 242–43, 260, 275, 277).

Mack filed this Petition on January 15, 2015 (Doc. 1), asserting four grounds for relief.

**STANDARD OF REVIEW**

A district court shall not grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. § 2254(d).  To determine whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, courts look only to the holdings of Supreme Court decisions as of the time of the relevant state court decision.  *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003).  A state court's factual findings are presumed correct unless rebutted by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013).

**DISCUSSION**

The R&R provides two independent bases for dismissing the Petition: (1) Mack failed to file his Petition within AEDPA's one-year limitation; and (2) Mack procedurally defaulted the claims he wishes to bring in federal court.

Critically, Mack does not challenge the first holding and, as a result, waives review of that issue.  *See* 18 U.S.C. § 636(b)(1) (" A judge of the court shall make a de novo determination *of those portions* of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)).  This Court has reviewed the R&R's analysis of the one-year limitation issue and finds it accurately states the facts and law.  The Petition may be dismissed on this basis alone.

The Petition is also subject to dismissal on grounds of procedural default, to which Mack *does* object.  As the R&R notes, Mack failed to timely appeal the trial court's judgment, and his subsequent

3

motion to file a delayed appeal was denied (Doc. 12 at 17–18). *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). The R&R correctly concluded Mack cannot show cause and prejudice to excuse the default through alleged ineffective assistance of counsel.

Mack challenges this conclusion by attempting to show reasonable jurists could debate the Magistrate Judge's decision (Doc. 15 at 2). Mack refers to the standard for a certificate of appealability to the federal court of appeals under 28 U.S.C. § 2253(c). But at this stage, it is not enough to debate the merits of the Magistrate Judge's analysis -- Mack has to show the R&R was wrong. *See* 18 U.S.C. § 636(b)(1). As it happens, however, the R&R's analysis is beyond debate. As the R&R reasons, even assuming trial counsel was ineffective in advising Mack there was no basis for an appeal, Mack has fallen far short of showing a reasonable probability the outcome would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003). Moreover, Mack has not shown that he presented this ineffective-assistance claim through one full round of state-court review. Absent such a showing, that claim is itself procedurally defaulted and cannot serve as cause to excuse the default. *See Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000).

## CONCLUSION

The Objection (Doc. 15) is overruled. This Court adopts the R&R (Doc. 12) and grants the Motion to Dismiss the Petition (Doc. 8). Further, this Court certifies an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

        s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 15, 2016

4